IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-CV-02970

**JURY TRIAL DEMANDED**

Zero Point 0, Inc., Green Mountain Industries, Inc.
and Roy Vasquez,

    Plaintiffs,

v.

John Tyson
    Defendant.

## COMPLAINT

Plaintiffs, Zero Point 0, Inc., Green Mountain Industries, Inc., and Roy Vasquez, by and through its attorneys, files his Complaint against Defendant John Tyson.

## PARTIES

1. Plaintiff, Zero Point 0, Inc., ("Zero Point 0") is a Colorado corporation with a principal office address of 1150 Meadowbrook Parkway, Colorado Springs, CO 80915.

2. Plaintiff, Green Mountain Industries, Inc., ("Green Mountain") is a foreign filed Wyoming corporation with a principal office address of 1150 Meadowbrook Parkway, Colorado Springs, CO 80915.

3. Plaintiff, Roy Vasquez, is the president and owner of both Zero Point 0, Inc. and

Green Mountain Industries, Inc.

4. Defendant, John Tyson, upon information and belief, is a resident of Texas with an address of 3922 Pinesbury Drive, Houston, TX 77084.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of Colorado.

## FACTUAL ALLEGATIONS

7. On or about June 15, 2020, Plaintiff, Roy Vasquez, acting on behalf of Zero Point 0, a Colorado corporation, entered into an Equipment Purchase Agreement ("The Agreement") with John Tyson as president of Sep-Pro Systems, Inc. **Exhibit A**.

8. This Agreement contemplated the purchase of a Cannabidiol, or more commonly referred to as a ("CBD"), distillation system.

9. Plaintiffs Roy Vasquez and Zero Point 0, were to pay Ninety-Eight Thousand dollars ($98,000.00) and in exchange, Defendant would produce a machine that had the capacity for fifty (50) Liter per day CBD distillation system (the "Machine") and deliver it to Colorado.

10. Plaintiff Roy Vasquez paid Ninety-Eight Thousand dollars ($98,000.00) under the terms of the Agreement.

11. Defendant failed to produce the Machine or deliver it to Colorado.

12. On or about May 18, 2021, Plaintiff, Roy Vasquez, as representative for Zero Point 0 and Green Mountain, entered into a supplemental contract ("Contract"), relating to the original Agreement, due to the failure to produce the Machine. **Exhibit B**.

13. This Contract was personally assumed, and signed by John Tyson for Sep-Pro Systems, Inc., and Separation Process Systems, L.L.C.

14. This Contract states that if delivery of the Machine "does not occur on or before said date, [July 27, 2021] the penalty for non-delivery shall be $2,500.00 per week." *Id*.

15. To date, the Machine still has not been produced or delivered to Plaintiff in Colorado.

16. It has been approximately sixty-six (66) weeks since the delivery date.

17. Defendant owes a late fee of approximately one-hundred sixty-five thousand and dollars ($165,000.00) under the terms of the Contract.

## COUNT I
## BREACH OF CONTRACT
### Against Defendant John Tyson

18. All prior allegations are incorporated herein by reference.

19. On or about June 15, 2020, Plaintiff and the Defendant, John Tyson entered into an Equipment Purchase Agreement whereby the Plaintiffs would pay $98,000.00 for a distillation Machine.

20. The Plaintiffs had paid $98,000.00 under the original Agreement for the distillation Machine.

21. Defendant, John Tyson, never produced of delivered the Machine.

22. On or about May 18, 2021, Plaintiffs and Defendant John Tyson entered into a Contract reaffirming the prior Agreement entered into on June 15, 2020.

23. Defendant John Tyson was to produce and deliver the Machine to Plaintiffs by July 27, 2021.

24. Per that Contract, Defendant John Tyson admits "…all monies [$98,000.00] have been paid in full under the reference Equipment Purchase Agreement and no further charges are due from Point Zero 0, Inc…" *See* Exhibit B.

25. Defendant John Tyson agreed that "[i]f delivery does not occur on or before said date, the penalty for non-delivery shall be $2,500.00 per week." *Id*.

26. Defendant John Tyson signed this Contract personally.

27. Defendant John Tyson assumed the obligation of Sep-Pro Systems personally under this Contract.

28. Defendant John Tyson has failed to produce and deliver the Machine for approximately sixty-six (66) weeks as of the date of this Complaint.

29. Defendant John Tyson owes approximately one-hundred sixty-five thousand and dollars ($165,000.00) and counting, under the terms of the Contract.

30. Defendant John Tyson substantially failed to perform the Contract.

31. Defendant John Tyson materially breached their contractual promises by failing to adhere to the terms of the Contract.

32. Defendant John Tyson's breaches of the Contract have caused damages to the Plaintiffs in an amount to be proven at trial.

33. Wherefore, Plaintiffs demand judgment in their favor and against Defendant John Tyson for damages in amounts to be proven at trial, interest, costs, and all further relief that the Court determines to be appropriate.

### COUNT II
### UNJUST ENRICHMENT
### Against Defendant John Tyson

34. All prior allegations are incorporated herein.

35. Defendant John Tyson knowingly and voluntarily obtained and accepted a benefit from Plaintiffs in the total amount of $98,000.00 through the above-referenced fraud and breach of contract.

36. Defendant admitted that those monies were paid and delivered to him under the second Contract. *See* Exhibit B.

37. Despite demand for repayment, Defendant John Tyson has retained such benefit by not returning the $98,000.00 to Plaintiffs.

38. It is inequitable and unjust for Defendant John Tyson to continue to retain the benefit that he received from the Plaintiffs' expense without disgorging such benefit.

**WHEREFORE**, Plaintiffs, Zero Point 0, Inc., Green Mountain Industries, Inc., and Roy Vasquez demand judgment in their favor and against Defendant John Tyson in amounts to be proven at trial, interest, costs, and all further relief that the Court determines to be appropriate.

**PLAINTIFFS DEMAND A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 16th day of November 2022.

/s/ Sullivan Manion
Sullivan Manion, #56756
John M. Scorsine, #37131
Kanthaka Group
1465 N. Union Blvd., Suite 100
Colorado Springs, CO 80909
Telephone: (719) 633-2222
Facsimile: (719) 822-0095
E-mail: smanion@kanthakagroup.com
*Attorneys for Plaintiffs*